

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0438-18

**RICHARD HYLAND, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

HERVEY, J., filed a concurring opinion in which RICHARDSON, WALKER, and SLAUGHTER, JJ., joined.

### CONCURRING OPINION

I agree with the majority's conclusion that neither federal law nor state law currently calls for applying a heightened probable-cause standard after sustaining a *Franks* motion. *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). But I think that Professor LaFave might be on to something in advocating that reviewing courts should err on the side of caution when assessing an affidavit that contained falsified statements that were intentionally or knowingly included.

I also write separately to address Officer Harrison's incorrect use of a preprinted, boilerplate search-warrant affidavit. Such documents are undoubtedly helpful, especially when dealing with unfortunately common crimes like DWI, and promote efficiency when used properly, but that was not the case here. In failing to cross out inapplicable paragraphs with a few strokes of a pen, litigation has ensued that has reached all the way to this Court, the court of last resort for criminal matters in Texas. A preprinted form that was supposed to make the process easier has instead drawn it out, depleting limited governmental resources. This case underscores the need for training.[1] Although the false statements in this affidavit were not fatal to a probable-cause finding, that might not be true in other cases. Society loses when it expends resources obtaining a criminal conviction that is later overturned because legal procedures were not properly followed due to lack of training.

With these comments, I join the majority.

Filed: June 5, 2019

Publish

---

[1]Harrison testified that he intentionally did not cross out the paragraphs, although not in bad faith. According to him, "it's just a standard form. I've never been instructed to take it out. I've never taken them off."